[Cite as *Chase Home Finance, L.L.C. v. Lindenmayer*, 2014-Ohio-1041.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHASE HOME FINANCE, LLC | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-66 |
| STEPHANIE L. LINDENMAYER, ET AL. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Common
Pleas Court, Case No. 2009CV00656


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 14, 2014

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellants

THOMAS WYATT PALMER        BRUCE M. BROYLES
Primary Responsible Attorney    The Law Office of Bruce M. Broyles
MICHAEL L. DILLARD, JR.        5815 Market Street, Suite 2
BRAD W. STOLL        Boardman, Ohio 44512
Thompson Hine LLP
41 South High Street, Suite 1700
Columbus, Ohio  43215


STEPHEN D. WILLIGER
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, Ohio 44114

*Hoffman, P.J.*

{¶1} Defendants-appellants Stephanie L. Lindenmayer, et al. ("Lindenmayer") appeal the July 8, 2013 Judgment Entry entered by the Licking County Court of Common Pleas, which denied their motion to vacate summary judgment granting foreclosure in favor Plaintiff-appellee Chase Home Finance, LLC ("Chase").

STATEMENT OF THE CASE[1]

{¶2} Chase filed its complaint for foreclosure against Lindenmayer on April 7, 2009. Lindenmayer filed an answer on May 11, 2009. On June 8, 2009, Chase filed its motion for summary judgment and renewed the same on December 24, 2009.

{¶3} Lindenmayer filed an objection to summary judgment on January 13, 2010. The trial court granted Chase's motion for summary judgment, granting foreclosure on January 15, 2010. Lindenmayer did not appeal that decision.

{¶4} Shortly after the trial court's decision, Lindenmayer moved the trial court to reconsider and reverse its decision, arguing, among other things, Chase lacked standing. The trial court denied Lindenmayer's motion to reconsider in March, 2010.[2]

{¶5} On June 3, 2013, Lindenmayer filed a motion to vacate the trial court's January 15, 2010 Judgment Entry, attacking Chase's standing and attaching website printouts purportedly of Fannie Mae's Initiation of Foreclosure Proceedings Policy. On June 19, 2013, Chase filed its reply in opposition. On July 8, 2013, the trial court filed

---

[1] A rendition of the facts is unnecessary for our resolution of this Appeal.
[2] Chase argues because Lindenmayer did not appeal the trial court's denial of her motion to reconsider wherein she challenged Chase's standing, all further attacks on standing are barred by *res judicata*. (Appellee's Brief at p.3). Because the trial court's January 15, 2010 Judgment Entry was a final appealable order, we find Lindenmayer's Motion to Reconsider was a nullity and the trial court's denial of it is, likewise, a nullity. It does not serve as an independent basis to apply the doctrine of *res judicata*.

its Judgment Entry, denying Lindenmayer's motion to vacate.  It is from that judgment entry Lindenmayer prosecutes this appeal, assigning as error:

{¶6}    "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE THE JANUARY 15, 2010 DECREE OF FORECLOSURE WHEN APPELLANT PRESENTED UNCONTROVERTED EVIDENCE THAT FANNIE MAE OWNED THE LOAN AT THE TIME THE COMPLAINT WAS FILED."

{¶7}    Lindenmayer's argument to this Court is premised upon her belief lack of standing renders the trial court's January 15, 2010 Judgment Entry void; therefore subject to collateral attack.  Lindenmayer bases her position on the Ohio Supreme Court's decision in *Fed. Home Loan Mtg. Corp. v. Schwartzwald*, 134 Ohio St.13, 2012-Ohio-5017.

{¶8}    This Court has held, post *Schwartzwald*, the issue of standing does not deprive the trial court of subject matter jurisdiction to decide a foreclosure action.  This Court has previously held the failure of a defendant to challenge the issue of standing via direct appeal results in a subsequent motion to vacate based thereon to be barred by *res judicata*.  See, *Wells Fargo Bank, NA v. Elliott*, 5th Dist. App. No. 13CAE030012, 2013-Ohio-3690; and *Wells Fargo Bank, N.A. v. Arlington,* 5th Dist. App. No. 13CAE030016, 2013-Ohio-4659.

{¶9}    Because Lindenmayer failed to timely take a direct appeal from the trial court's January 15, 2010 Judgment Entry, we find Lindenmayer's motion to vacate is barred by the doctrine of *res judicata*.[3]

---

[3] As a result, we find any decision regarding Chase's standing to initiate foreclosure as holder of the note, even if Fannie Mae continued to own the note, not ripe for decision.

{¶10} Lindenmayer's sole assignment of error is overruled. The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur