[Cite as *Deutsche Bank Natl. Co. v. Caldwell*, 2014-Ohio-2982.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100594

---

# DEUTSCHE BANK NATIONAL COMPANY

### PLAINTIFF-APPELLEE

vs.

# ROBERT A. CALDWELL, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-697845

**BEFORE:** Celebrezze, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**FOR APPELLANTS**

Robert Caldwell, pro se
Frances Caldwell, pro se
10618 Drexel Avenue
Cleveland, Ohio   44108


**ATTORNEY FOR APPELLEE**

Gregory A. Stout
3962 Red Bank Road
Cincinnati, Ohio   45227

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellants, Robert A. and Frances Caldwell, pro se, bring the instant appeal challenging the foreclosure and sale of real property brought by Deutsche Bank National Company as Trustee for the Certificateholders of Morgan Stanley ABS Capital I Inc., Trust Certificates, Series 2004-NC2 ("Deutsche Bank"). In this third appeal from a foreclosure action, appellants assert that the trial court erred in proceeding where Deutsche Bank did not have standing to foreclose, there was no proper appraisal of the property subject to foreclosure prior to the court-ordered sale, and the journal entry issued in this case is not a final, appealable order. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} Appellants obtained a mortgage for the purchase of a home located in Cleveland, Ohio, from People's Choice Home Loans, Inc. ("People's Choice") on April 9, 2004. The mortgage listed Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for People's Choice. Later, the real estate was transferred by deed from appellants to Oasis Properties and Investment, L.L.C. on June 7, 2007, but the mortgage remained unsatisfied.[1] An arrears in payments had become significant and, on July 7, 2009, Deutsche Bank filed a complaint seeking reformation of the mortgage and

---

[1] Appellants individually no longer own the premises because it was transferred to a company they purport to own, but they remain liable for the mortgage, so questions of the unauthorized practice of law are not implicated here.

foreclosure. Attached to the complaint were copies of the mortgage and note as well as an undated allonge of the note from People's Choice to "Deutsche Bank National Company as Trustee fro [sic] the Certificate-holders of Morgan Stanley ABS Capital I Inc., Trust 2004-NC2, Mortgage Pass-Through Certificates, Series 2004-NC2." The mortgage was also assigned to Deutsche Bank prior to the foreclosure action. Appellants retained counsel and answered the complaint. The case was referred to a magistrate for hearing.

{¶3} On October 20, 2009, Deutsche Bank filed motions for default and summary judgment. Appellants moved for additional time to respond and to extend the time for discovery after Deutsche Bank was granted additional time to respond to appellants' discovery requests. On August 9, 2010, the trial court ruled that Deutsche Bank had standing to sue because it demonstrated that it was the holder of the note and mortgage when it filed suit, and its motion for summary judgment was granted. However, the court took issue with copies of the attached note where certain portions of important provisions were obscured by labels. The court also required that a final judicial report be filed. That same day, and before these documents were filed, appellants filed a notice of appeal. The appeal was dismissed by this court for lack of a final, appealable order on September 23, 2010.

{¶4} After the case was reinstated to the trial court's active docket, the required documents were submitted, and the case was again assigned to a magistrate for decision. The magistrate issued its decision on November 5, 2010, granting foreclosure. No

objections were filed by the time the trial court issued its decision adopting the magistrate's decision on December 2, 2010. That same day, appellants filed objections to the decision.[2] On December 30, 2010, appellants filed a second notice of appeal in this court.

{¶5} This court again dismissed the appeal for lack of a final, appealable order on September 9, 2011, because the journal entry did not properly set forth the decision of the trial court. In a much more detailed and thorough judgment entry, the trial court adopted the magistrate's decision on December 2, 2011. Appellants did not file an appeal from this judgment. Instead, they filed a motion for relief from judgment on December 21, 2011. This was combined with untimely objections to the magistrate's decision.

{¶6} A hearing was held before a magistrate on January 20, 2012, on the motion. The magistrate issued a lengthy and well-reasoned decision and opinion denying the motion for relief from judgment on January 24, 2012. It first addressed appellants' standing argument outside the Civ.R. 60(B) requirements because if Deutsche Bank lacked standing, the trial court had an inherent authority to vacate its own void order. The magistrate found that the bank was the holder of the note endorsed to it and was assigned the mortgage prior to filing suit. The magistrate then rejected appellants' other arguments under the Civ.R. 60(B) test for relief from judgment.

{¶7} Appellants sought additional time to file objections to the magistrate's decision regarding their motion for relief from judgment and also filed a motion seeking

_____

[2] These were later stricken by the court on January 20, 2011, as untimely.

to stop the sale of the property and to file objections to the magistrate's decision granting summary judgment. On February 9, 2012, the trial court granted appellants' motion in part. It ruled that any confirmation of sale would be stayed pending appellants' filing objections to the magistrate's decision for relief from judgment and gave appellants until March 16, 2012, to file objections.

{¶8} In the meantime, three appraisers were appointed to value the property, and it was scheduled for sheriff's sale. Appellants filed objections to the magistrate's decision on March 5, 2012. They also filed a motion to stay the pending sale, which the trial court partially granted. The court again ordered that the sale would proceed, but that confirmation would be stayed until the court ruled on appellants' motion for relief from judgment. Appellants filed a motion to cancel the sale raising a new argument that no interior examination of the house had taken place during the appraisals and restating arguments previously raised in other motions that were denied by the court. They also filed a writ of prohibition with this court seeking to forestall the sale.

{¶9} On March 15, 2012, Deutsche Bank asked to cancel the sale so that it could comply with United States Department of Treasury regulations that were enacted under the Home Affordable Modification Program. The bank also filed a response to appellants' objections to the magistrate's decision. The trial court considered the arguments of both sides and overruled appellants' objections on April 25, 2012. Appellants did not appeal from the decision denying their motion for relief from judgment.

**{¶10}** A new order of sale with direction for reappraisal was issued on July 12, 2012, and a sale date was scheduled for September 4, 2012. Appellants filed the same motion asking to cancel the sale with some minor corrections. The court followed its prior holding regarding the issue and ruled that the sale would go forward, but confirmation would be stayed. The property was sold on September 4, 2012.

**{¶11}** After several motions to stay the sheriff's sale were denied, a hearing was conducted before the magistrate on November 30, 2012, on appellants' motion to cancel the order of sale. The magistrate recommended denial of appellants' motion and issued a decision on December 10, 2012. The magistrate found that the appraisers did not view the interior of the home, but that this failure had no material impact on appellants. The magistrate also recommended a stay of the sheriff's sale for 60 days to give the parties time to arrange a possible short sale. The trial court gave appellants until January 25, 2013, to file objections, which appellants did on that date. The court finally overruled appellants' objections on October 4, 2013, and adopted the magistrate's decision with one modification. The court rejected the 60-day stay on the confirmation of sale because the parties had several months to work out a short sale while the motion was under consideration. A confirmation of sale was issued by the trial court the same day.

**{¶12}** Appellants then filed a notice of appeal on November 4, 2013, assigning three errors for review:

> I. The trial court erred in denying appellants' motion to stay foreclosure sale on several grounds including the lack of standing to bring the foreclosure action, the denial of a requested reappraisal and an interior

appraisal as required by state law, and a loan modification as previously requested to appellees.

II.  The trial court erred in overruling appellants' objections and adopting the magistrate's decision denying appellants' motion to cancel order of sale on several grounds including the lack of standing to bring the foreclosure action, the denial of a requested reappraisal and an interior appraisal as required by state law, and a loan modification as previously requested to appellees, and the magistrate's decision is against the manifest weight of the evidence and the trial court erred in granting summary judgment for appellees.

III.  The trial court erred in initially granting the motion not to confirm sale but denying the relief requested including a reappraisal, a loan modification and an interior appraisal and then confirming the order of sale on several grounds including the denial of appellants' requested reappraisal and an interior appraisal required by state law, and a loan modification as previously requested to appellees, and where the confirmation of sale is not a final appealable order where the case docket has no journal entry of either the purchase price for the foreclosure sale or the alleged buyer and a trial court speaks through its journal entries.

## II. Law and Analysis

### A. Standard of Review

{¶13} A trial court has discretion to confirm or refuse to confirm a judicial sale. *Ohio Savs. Bank v. Ambrose*, 56 Ohio St.3d 53, 563 N.E.2d 1388 (1990). "If the court, after examining the proceedings taken by the officers, finds the sale was made in conformance with R.C. 2329.01 to 2329.61, inclusive, it shall confirm the sale." *Id*. at 55, citing R.C. 2329.31. "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation." *Id*. Therefore, the court's determination will not be reversed absent an abuse of that discretion.[3] Such abuse is connoted by an arbitrary, unreasonable, or unconscionable decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

### B. Standing

{¶14} Appellants, in all three assigned errors, argue that Deutsche Bank lacked standing to seek foreclosure. The issue of standing was previously litigated twice below. The final, appealable decisions finding that Deutsche Bank had standing were not appealed to this court, and therefore the argument is barred by res judicata. This is because Ohio "jurisprudence requires a party to directly appeal an adverse ruling against him when he has raised an issue in the trial court and had a full and fair opportunity to litigate the matter." *Chem. Bank, N.A. v. Krawczyk*, 8th Dist. Cuyahoga No. 98263,

---

[3] Appellants also claim the trial court's decision is against the manifest weight of the evidence. That is not the proper standard of review for a confirmation of sale. Therefore, these elements of their appeal will not be addressed.

2013-Ohio-3614, ¶ 26. While standing is one of a class of issues that can be raised at any time, the issue was actually litigated below. "The often quoted phrase that 'the issue of standing can be raised at anytime' does not equate to 'the issue of standing can be raised many times' or multiple times." *Krawczyk* at ¶ 29. *But see id.* at ¶ 47 (Boyle, J., concurring in judgment only). The doctrine of res judicata involves both claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Here, the issue was previously litigated to a determination, which became the law of the case when it was left unchallenged. Allowing reargument of issues to which no appeal was taken from the decisions determining standing is an attempted end run around codified procedures designed for the efficient administration of cases and casts doubt on the validity of the judgment. A contrary holding would establish a cloud on the chain of title of any deed in foreclosure.

{¶15} The Ohio Supreme Court has determined that standing is to be determined at the outset of a foreclosure case, and it is jurisdictional in nature. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. However,

> [t]he term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case. *See State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. "'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the

judgment voidable.'"  *Parker* at ¶ 22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033.

*Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12.

{¶16} A voidable judgment may not be attacked at any time.  The present case is further removed from recent cases where standing was raised in a motion for relief from judgment after foreclosure was granted[4] because appellants are raising the issue in an appeal from an order confirming sale.  Appellants could have appealed from the trial court's December 2, 2011 final order granting summary judgment, which overruled appellants' standing arguments, or from the court's April 25, 2012 entry denying appellants' motion for relief from judgment. Neither was appealed to this court.

{¶17} In *Third Fed. Sav. & Loan Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708,   this court cited approvingly a decision of the Ninth District that rejected arguments unrelated to the confirmation of sale in an appeal from a confirmation of sale order where no appeal from the grant of summary judgment for foreclosure was taken.  *Citifinancial v. Haller-Lynch*, 9th Dist. Lorain No. 06CA008893, 2006-Ohio-6908, ¶ 5.   There, the Ninth District stated:

> Arguments related to the mortgage "relate to the order of foreclosure and not to the order confirming the sheriff's sale." *Federal Home Loan Mortg. Corp. v. McDaniel* (Aug. 2, 1995), 9th Dist. No. 17142, 1995 Ohio App. LEXIS 3203.  In *Federal Home*, we found that "[b]ecause [appellant] did not timely appeal the foreclosure order, any issues concerning the mortgage have been waived and those issues may not be raised in an appeal from an

---

[4] *See Chem. Bank, N.A. v. Krawczyk,* 8th Dist. Cuyahoga No. 98263, 2013-Ohio-3614; *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. Franklin No. 13AP-318, 2014-Ohio-1459; *Am. Sav. Bank, F.S.B. v. Pertuset*, 4th Dist. Scioto No. 13CA3564, 2014-Ohio-1290.

order confirming the sheriff's sale." 1995 Ohio App. LEXIS 3203, at *5. Only issues related to the trial court's decision to confirm a sheriff's sale may be brought in an appeal from a confirmation order. *Id*.

*Id*. at ¶ 6. *See also Chase Home Fin., L.L.C. v. Lindenmayer*, 5th Dist. Licking No. 13-CA-66, 2014-Ohio-1041, ¶ 8.

{¶18} Here, appellants have only appealed from the October 7, 2013 order confirming the sale. The only arguments properly before this court are those related to the procedures employed in the sale and whether the court abused its discretion in confirming the sale. *Id*. The remainder of the arguments raised by appellants are barred.

## C. Final Order

{¶19} At its foundation, the doctrine of res judicata requires a final order of the court to preclude relitigation of issues that have or could have been raised in a prior proceeding. A final order is also a prerequisite to appellate review. Appellants argue, as part of their third assignment of error, that the trial court's order confirming sale was not a final, appealable order. However, all the arguments raised in their brief relate to the order adopting the magistrate's decision granting summary judgment. They claim that this is not a final, appealable order because it simply reads, "ORDER ADOPTING MAGISTRATE'S DECISION. OSJ NOTICE ISSUED." Appellants fail to recognize the incorporated lengthy four-page opinion setting forth the trial court's independent analysis that defines the rights and obligations of the parties. To constitute a final, appealable order, "'the trial court must * * * enter its own independent judgment

disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.'" *Burns v. Morgan*, 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288 (4th Dist.), quoting *Yahraus v. Circleville*, 4th Dist. Pickaway No. 00CA04, 2000 Ohio App. LEXIS 6315 (Dec. 15, 2000). The order satisfies the requirements for a final judgment entry in a foreclosure action in these respects. Therefore, it constitutes a final, appealable order.

### D. Appraisal

{¶20} In all three assignments of error, appellants claim that the trial court erred in denying or granting various motions based on appraisals that failed to include an interior view of the premises.

{¶21} Appraisals of property subject to a court-ordered sheriff sale are governed by R.C. 2329.17. As it relates to the arguments in this case, this statute requires that three appraisers be appointed and that they base their estimate of valuation "upon actual view" of the premises.

{¶22} Here, the magistrate and the trial court found that appraisers had not actually entered the subject property to inspect it as part of their appraisals. This failure, however, only requires vacation of the sale and reappraisal when a party is able to show prejudice. *Fifth Third Mtge. Co. v. Wizzard*, 12th Dist. Butler No. CA2013-03-046, 2014-Ohio-73. The Twelfth District summarized the requirement well in *Wizzard*:

> Although the statute provides that appraisers value the property "upon actual view," appraisals are often made without actually entering the

premises. Courts have held that an appraiser's failure to enter the premises does not require a sheriffs sale to be set aside. * * * [A] defendant who claims that an appraiser failed to comply with the "upon actual view" requirement of R.C. 2329.17 must also establish they were prejudiced by the value that the appraiser placed on the property. Specifically, a defendant must adduce evidence that the appraisal was grossly inaccurate and that the home would have sold for more if the appraisal value had been higher.

*Id*. at ¶ 15-16.

**{¶23}** Appellants claim that a failure to view the interior is per se a statutory violation that requires reversal. However, the statute only requires "actual view." This language is open to interpretation, and several Ohio courts of appeals have adopted a common sense approach to this requirement. "[A]n appraiser's failure to examine the interior will constitute reversible error only where the interior condition so impacts the value established based on an exterior examination that the complaining party can demonstrate prejudicial effect." *Arch Bay Holdings, L.L.C. v. Brown*, 2d Dist. Montgomery No. 25564, 2013-Ohio-5453, ¶ 13. *See also Wizzard*; *Citimortgage, Inc. v. Hoge*, 8th Dist. Cuyahoga No. 98597, 2013-Ohio-698. It is appellants' burden to demonstrate that an interior view of the premises would have some material impact on the appraised value. *Id.*

**{¶24}** Appellants cite to *Huntington Natl. Bank v. Burch*, 157 Ohio App.3d 71, 2004-Ohio-2046, 809 N.E.2d 55 (2d Dist.) in support of their argument. There, the Second District held that where the interior condition of the house had a significant impact on the appraised value, the trial court erred in confirming the sale when an interior view was not done. However, in that case, the home that was the subject of the

foreclosure was extensively infested with mold. An exterior inspection alone resulted in appraisals that did not take this condition into account. The appraisers testified that, had they known about the significant mold issue, the appraised values would have been much lower. This is a concrete example of where the interior of the house would have an impact on the value.

{¶25} At the hearing held on appellants' motion where they argued that the appraisals were invalid, Frances Caldwell testified that she did not live at the home, but she would have to have let any appraisers inside to view the home, and no one contacted her to do that. After inquiry from the magistrate, Frances offered nothing that would substantiate that an interior view of the property would have changed the appraised value. In their motions, the only evidence appellants cited was the taxable value as determined by Cuyahoga County. An unauthenticated document purported to be a county tax appraisal was mentioned by Frances, but no testimony established its authenticity or why the document would be self-authenticating. Further, this document did not specify when the appraisal was conducted, and appellants did not offer any supporting evidence of how the appraisal was timely. Real property is assessed every six years with adjustments every three years if required. R.C. 5715.33. Finally, an appraised value for foreclosure purposes takes into account the forced nature of the sale. This is, in part, the reason foreclosure sales are not a reliable indicator of the true value of real property. *See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489.

### III.   Conclusion

{¶26} Appellants failed to appeal from the decision granting foreclosure or from the denial of their motion for relief from judgment; both of which raised the standing issue.   Any argument going to the propriety of the decree of foreclosure, including standing, is barred.   Appellants are before this court appealing from the confirmation of sale.   The only issue properly asserted is whether an interior investigation of the premises was required before sale. Appellants failed to demonstrate that prejudice resulted from a failure of the appraisers to view the interior of the home.   Therefore, appellants' three assignments of error are overruled.

{¶27} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR