[Cite as *Bank of New York Mellon v. Ettayem*, 2015-Ohio-4157.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15 CAE 01 0006 |
| | : | |
| ASHRAF A. ETTAYEM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No. 12 CVE 09
01058

JUDGMENT:                            AFFIRMED

DATE OF JUDGMENT ENTRY:          October 2, 2015

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

JEFFREY J. HANNEKEN                    ASHRAF A. ETTAYEM, PRO SE
HARRY J. FINKE                         1195 Breakers Court
1900 Fifth Third Center                 Westerville, OH 43082
511 Walnut Street
Cincinnati, OH 45202-3157

*Delaney, J.*

{¶1} Defendant-Appellant Ashraf A. Ettayem appeals the October 14, 2014 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On March 7, 2014, the Delaware County Court of Common Pleas granted summary judgment on the complaint in foreclosure of Plaintiff-Appellee Bank of New York Mellon and against Defendant-Appellant Ashraf A. Ettayem in the amount of $437,928.85. Ettayem appealed the judgment and this Court affirmed on October 8, 2014.

{¶3} The real property was appraised on July 3, 2014. Pursuant to R.C. 2329.17, the Delaware County Sheriff summoned three disinterested free-holders, residents of Delaware County, who were sworn to impartially appraise the property. The land appraisement was filed on July 7, 2014. The land appraisement stated that after not gaining entry and viewing the premises from the exterior, the real property value was appraised at $381,000.00.

{¶4} A Notice of Sheriff Sale was posted on July 28, 2014.

{¶5} On August 8, 2014, Ettayem filed an emergency motion to stay the judgment for foreclosure and the sheriff's sale. Ettayem objected to the sheriff's appraisal and submitted an independent appraisal of the real property. Ettayem's appraiser inspected the interior and exterior of the property and valued the property at $493,000.00. Ettayem argued the land appraisement conducted by the sheriff was not an actual view because the appraisers failed to enter the premises and view the interior of the home. The trial court granted the motion to stay, but ordered the stay was not

effective until Ettayem posted a supersedeas bond in the amount of $437,928.85. Ettayem did not post the bond.

{¶6}   The real property was sold at sheriff's sale to Bank of New York Mellon on August 13, 2014 for $370,000.00.

{¶7}   On September 3, 2014, Ettayem filed a motion to set aside the sheriff's sale and objected to the confirmation of sale. Bank of New York Mellon responded to the motion. The trial court set the motion for an oral hearing on September 23, 2014.

{¶8}   At the hearing, Ettayem relied upon the appraisal he submitted with his motion to stay the sheriff's sale to argue the sheriff's appraisal undervalued the property. He stated the sheriff's appraisers did not view the interior of the property. Ettayem did not call his appraiser as a witness at the hearing.

{¶9}   On October 14, 2014, the trial court denied Ettayem's motion to set aside the sheriff's sale and objection to the confirmation of sale.

{¶10} It is from this decision Ettayem now appeals.

## ASSIGNMENT OF ERROR

{¶11} Ettayem raises one Assignment of Error:

{¶12} I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SET ASIDE SHERIFF SALE, OBJECTION TO CONFIRMATION OF SALE, AND AT A LATER ENTRY CONFIRMING THE SHERIFF SALE AND ORDERING DISTRIBUTION.

## ANALYSIS

{¶13} A trial court's decision whether to confirm or refuse a judicial sale will not be reversed by a reviewing court absent an abuse of discretion. *Wells Fargo Bank, N.A. v. Fortner*, 2nd Dist. Montgomery No. 26010, 2014-Ohio-2212, ¶ 8 citing *National Union*

*Fire Ins. Co. v. Hall*, 2nd Dist. Montgomery No. 19331, 2003-Ohio-462, ¶ 12. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} R.C. 2329.17, which sets the standard for appraisals in foreclosure proceedings, states in part:

> When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.

{¶15} Ettayem states the appraisers failed to enter the property and inspect the interior. He argues their failure to inspect the interior of the property negatively impacted the appraisal value. In *Fifth Third Mtge. Co. v. Wizzard,* 12th Dist. Butler No. CA2013–03–046, 2014–Ohio–73, the Twelfth District summarized the common interpretation of R.C. 2329.17:

> Although the statute provides that appraisers value the property "upon actual view," appraisals are often made without actually entering the premises. Courts have held that an appraiser's failure to enter the premises does not require a sheriff's sale to be set aside. * * * [A] defendant who claims that an appraiser failed to comply with the "upon actual view" requirement of R.C. 2329.17 must also establish they were

prejudiced by the value that the appraiser placed on the property. Specifically, a defendant must adduce evidence that the appraisal was grossly inaccurate and that the home would have sold for more if the appraisal value had been higher.

*Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 22.

{¶16} Several Ohio courts of appeal have examined the "actual view" requirement and have determined that "actual view" does not per se require an inspection of the interior of the property. Rather, if the appraiser fails to inspect the interior of the property, the complaining party may argue prejudicial effect:

This language is open to interpretation, and several Ohio courts of appeals have adopted a common sense approach to this requirement. "[A]n appraiser's failure to examine the interior will constitute reversible error only where the interior condition so impacts the value established based on an exterior examination that the complaining party can demonstrate prejudicial effect." *Arch Bay Holdings, L.L.C. v. Brown,* 2d Dist. Montgomery No. 25564, 2013–Ohio–5453, ¶ 13. *See also Wizzard; Citimortgage, Inc. v. Hoge,* 8th Dist. Cuyahoga No. 98597, 2013–Ohio– 698. It is appellants' burden to demonstrate that an interior view of the premises would have some material impact on the appraised value. *Id.*

*Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 23.

{¶17} At the hearing in the present case, Ettayem relied upon the independent appraisal he submitted with his motion to stay the sheriff's sale. Ettayem argued the appraiser conducted an interior and exterior inspection of the property and valued the property at $493,000.00. The appraiser was not called as a witness at the hearing.

{¶18} Bank of New York Mellon argues Ettayem failed to present evidence the appraised value was grossly inadequate or the home would have sold for more. The trial court agreed. The trial court determined Ettayem failed to present competent evidence of the proposed appraised value. While Ettayem presented an independent appraisal, the appraisal was not accompanied by an affidavit or authenticated in any way. *See Conseco Finance Servicing Corp. v. Taylor*, 5th Dist. Ashland No. 01 COA 1442, 2002-Ohio-2504, *2. The sheriff's appraisal, conducted pursuant to the statutory requirements, valued the property at $381,000.00. It has been recognized that "an appraised value for foreclosure purposes takes into account the forced nature of the sale. * * * *See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,* 127 Ohio St.3d 63, 2010–Ohio–4907, 936 N.E.2d 489." *Deutsche Bank Natl. Co. v. Caldwell*, 2014-Ohio-2982 at ¶ 25.

{¶19} The trial court further determined Ettayem failed to demonstrate he was prejudiced by the failure of the appraisers to inspect the interior of the property. The bidding at the sheriff's sale began at two-thirds of the appraised value in the amount of $254,000.00. The property sold for $370,000.00. If Ettayem's proposed appraised value was utilized at the sheriff's sale, the opening bid would have been $328,666.67 representing two-thirds of the appraised value. The successful bid of $370,000.00 at the sheriff's sale exceeded Ettayem's proposed appraisal.

{¶20} Based on the record, we find the trial court did not abuse its discretion when it denied Ettayem's motion to set aside the sheriff's sale.

## CONCLUSION

{¶21} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Farmer, J., concur.