[Cite as *SMS Fin. XXVI, L.L.C. v. Waxman Chabad Ctr.*, 2018-Ohio-4851.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 106036 and 106037**

## SMS FINANCIAL XXVI, L.L.C.

### PLAINTIFF-APPELLANT

vs.

## THE WAXMAN CHABAD CENTER, ET AL.

### DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-14-823254 and CV-16-859399

**BEFORE:** Laster Mays, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

-i-

**ATTORNEYS FOR APPELLANT**

David M. Cuppage
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, Ohio 44115

Scott D. Simpkins
Climaco, Wilcox, Peca, Tarantino & Garofoli
55 Public Square, Suite 1950
Cleveland, Ohio 44113-9925


**ATTORNEY FOR APPELLEES**

Douglas E. Bloom
Bloom Law Group, L.L.C.
24460 Aurora Road
Bedford Heights, Ohio 44146


ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant SMS Financial XXVI, L.L.C. ("SMS") appeals the trial court's determination in two cases[1] in favor of defendants-appellees, The Waxman Chabad Center, the Chabad House of Cleveland, Melvin Waxman, Armond Waxman, and the Esther and Stanley Waxman Community Mikvah[2] arising from actions in foreclosure.[3] After review of the record, the trial court's judgment is reversed and remanded.

## I.      Background and Facts

### A.      Defendant-Appellee Entities

---

[1] *SMS Fin. XXVI, L.L.C. v. Waxman Chabad Ctr.,* Cuyahoga C.P. No. CV-l4-823254 (the "2014 Case" ) and *SMS Fin. XXVI, L.L.C. v. Waxman Chabad Ctr.*, Cuyahoga C.P. No. CV-16-859399 (the "2016 Case"). The cases were consolidated in the trial court on December 14, 2016 and for purposes of appeal by this court on December 9, 2016.

[2] The Mikvah is a named party due to its potential interest as a ground lessor of the property.

**{¶2}** On October 2, 1972, the committee for Chabad House of Cleveland, Inc. was organized as an Ohio nonprofit. The corporate articles were amended several times to change the name as reflected below:

October 2, 1972    Committee for Chabad House of Cleveland, Inc.
May 9, 1974   Chabad House of Cleveland
June 22, 2001  The Waxman Chabad Center
July 5, 2005    Chabad House of Cleveland

The entity continues to exist as the Chabad House of Cleveland and is identified hereinafter as "Chabad House." For clarity, references to the Chabad House during the June 22, 2001 to July 5, 2005 time period are identified as "Chabad House/Waxman." On January 12, 2006, a new, unrelated Ohio nonprofit was incorporated reusing the name The Waxman Chabad Center ("Waxman Center").

### B.    The Pertinent Transactions

**{¶3}** On August 31, 2001, Melvin and Martha Waxman transferred ownership of the property to Chabad House/Waxman. In 2003, Chabad House/Waxman obtained a $1,600,000 loan from Provident Bank ("Provident"), evidenced by a promissory note ("2003 Note") and secured by an open-end mortgage security agreement and assignment of rents, income, and proceeds (collectively the "Chabad House/Waxman Mortgage").

**{¶4}** SMS asserts the funds were used to construct a building complex in Beachwood, Ohio, which currently houses a number of services for the Jewish community ("Beachwood Property"). The Chabad House/Waxman Mortgage grants a security interest in the Beachwood Property.

**{¶5}** The 2003 Note and the Chabad House/Waxman Mortgage were executed by

---

[3]   Marvin and Armond Waxman are not parties to the 2016 Case.

Melvin Waxman, the president of Chabad House.  SMS states Melvin had authority to sign the documents.  Melvin Waxman and Armond Waxman (collectively the "Waxmans") concurrently signed continuing unconditional guaranties of the 2003 Note for $650,000 and $250,000, respectively.

{¶6}  SMS asserts the 2003 Note was revised and divided into two separate notes.  On October 14, 2005, a $900,000 note from the Chabad House of Cleveland was issued to National City Bank ("NCB") and guaranteed by the Waxmans.  The original $900,000 note was subsequently lost.

{¶7}   Also on October 14, 2005, a $700,000 note was issued by the Chabad House of Cleveland to NCB.  On December 14, 2007, the Waxman Center entered into an Amended and Restated Commercial Installment Note for $700,000 payable to NCB ("Amended Note").  The Amended Note is a substitution for and replacement of an October 14, 2005 promissory note payable by Chabad House and defined as the "[Chabad House] Prior Note."  (Amended Note, p. 1.)  The Amended Note provides that the "[Chabad House] Prior Note is no longer in effect," but the indebtedness of the Amended Note "is and will continue to be secured by the security interest and collateral granted and assigned to the Bank by Chabad House of Cleveland in connection with the [Chabad House] Prior Note."  *Id.*

{¶8}  The Amended Note is

> secured by any and all mortgages, security agreements, assignments, loan agreements, pledge agreements and any other document or instrument evidencing a security interest or other lien in favor of Bank and executed and delivered by The Waxman Chabad Center as security for payment of this Note and/or all indebtedness of Borrower to The Provident Bank, of which Lender is the Successor in Interest to, or was formerly known as, whether contemporaneous with the execution of this Note or at any other time, including but not limited to the mortgage executed by The Waxman Chabad Center in favor of Bank dated August 8, 2003 in the amount of $1,600,000.00 which was recorded on October

14, 2003, in instrument [No.] 200310141657 of Cuyahoga County Ohio Records and any amendments thereto.

Amended Note, p. 1.

{¶9} Distilled, the 2003 Note and Chabad House/Waxman Mortgage were executed by Waxman/Chabad and guaranteed by the Waxmans. Waxman/Chabad was the record owner of the Beachwood Property at the time of the 2003 Note and the Chabad House/Waxman Mortgage and remained so throughout this action. The 2005 notes were executed by Chabad House, formerly known as Chabad House/Waxman. The 2007 Amended Note is executed by Waxman Center, the separate, unrelated nonprofit corporation formed in 2006. Waxman Center has no ownership interest in the Beachwood Property. The Waxmans did not sign as guarantees of the Amended Note.

{¶10} On April 26, 2012, SMS and PNC Bank ("PNC Bank"), successor in interest to NCB, entered into a Loan Sale Agreement and a Lost Note Affidavit and Indemnity Agreement for the $700,000 Amended Note. The lost note agreement declares that the original $700,000 Amended Note could not be located after a reasonable search. The agreement indemnifies SMS against losses arising from a claim for payment from a third party or the obligor under the note due to breach of PNC's warranty of ownership. Also on April 26, 2012, PNC Bank assigned the 2003 $1,600,000 mortgage between "The Waxman Chabad Center [Chabad House/Waxman] and The Provident Bank" to SMS.

{¶11} On August 23, 2012, counsel for SMS issued a demand letter to the Waxmans, Chabad House, and Waxman Center, claiming default by the parties due to failure to make payments to SMS for the $900,0000 note and the $700,0000 Amended Note.

C.    2014 Case

{¶12}   In the 2014 Case filed on March 7, 2014, SMS sued the Waxmans, Chabad House, and Waxman Center for the following counts:[4]

**Count**

| 1 | Breach of contract for the $900,000 by Chabad House. |
| 2 | Breach of guaranty by the Waxmans. |
| 3 | Breach of guaranty by the Waxmans. |
| 4 | Breach of the $700,000 Amended Note by Waxman Center. |
| 5 | Breach of the continuing unconditional guaranty of the $700,000 Amended Note by the Waxmans. |
| 6 | Breach of continuing unconditional guaranty of the $700,000 Amended Note by the Waxmans.[5] |
| 7 | Unjust enrichment and constructive trust against Chabad House. |
| 8 | Equitable lien against Chabad House. |
| 9 | Equitable subrogation against Chabad House. |
| 10 | Fraud against Melvin Waxman. |

{¶13} On February 19, 2015, SMS filed for partial summary judgment against the Waxmans and the Waxman Center on Counts 2, 3, 4, 5, and 6.  The defendants filed a cross-motion for summary judgment based on R.C. 1303.38. R.C. 1303.38 is Ohio's adaptation of Section 3-309 of the Uniform Commercial Code governing enforcement of lost, destroyed, or stolen instruments.

---

[4]  Esther and Stanley Waxman Community Mikvah is also a named defendant due to its potential interest in the Beachwood Property as a ground lessor.

[5]  It is important to note here that the claim is for a continuing guaranty and not that the Waxmans issued a direct guaranty of the $700,000 Amended Note.

**{¶14}** On August 28, 2015, the trial court denied summary judgment for SMS and granted summary judgment for the Waxmans and the Waxman Center. The trial court determined, based on *Fannie Mae v. Hicks*, 105 Ohio St. 3d 1520, 2005-Ohio-1955, 826 N.E.2d 316, that SMS had standing to file the lawsuit, but that SMS was not entitled to enforce the notes because: (1) the $900,000 Note was lost and SMS did not possess the note at the time it was lost, pursuant to R.C. 1303.31 and 1303.38(A); and (2) "while the $700,000 Note at issue was recently found, the allonges meant to indorse the note to the plaintiff were never attached to the original note and are therefore ineffective as indorsements of the note. *See* R.C. 1303.24."[6] Journal entry No. 90655629 (Aug. 28, 2015).

**{¶15}** On September 10, 2015, SMS filed a motion for reconsideration of the grant of summary judgment or, alternatively, a motion to vacate the judgment, and to add PNC Bank as a plaintiff in the case. On September 23, 2015, Chabad House moved for summary judgment based on the trial court's finding that SMS was not entitled to enforce either of the notes. The trial court issued a summary denial of the SMS's motions on October 5, 2015, and granted summary judgment in favor of Chabad House on October 27, 2015.

**{¶16}** On November 5, 2015, SMS appealed the trial court's decision.[7] On August 8, 2016, after the case was scheduled for oral argument, this court issued a sua sponte dismissal finding that the fraud claim in Count 11 was still pending because it was not part of the motions for summary judgment in the case. *See* motion No. 497903 (Aug. 8, 2016).

**{¶17}** While the 2014 Case was on appeal, on February 23, 2016, SMS filed a new case.

---

[6] According to the record, SMS had not located the original Amended Note but claimed possession of the original allonges to both the lost $900,000 Note and the Amended Note.

[7] *SMS Fin. XXVI, L.L.C. v. The Waxman Chabad Ctr.*, 8th Dist. Cuyahoga No. 103742.

*SMS Fin. XXVI, L.L.C. v. The Waxman Chabad Ctr.,* Cuyahoga C.P. No. CV-16-859399 ("2016 Case"). On September 28, 2016, pursuant to Civ.R. 42(A)(1) and Loc.R. 15(H), SMS filed motions to consolidate the 2014 Case with the 2016 Case. The 2016 Case is an attempt to enforce the Amended Note based on the acquisition by SMS of PNC Bank's endorsement in December 2015.

{¶18} SMS argued that consolidation was appropriate because the cases involved "common questions of law and/or fact and seek similar relief," "will reduce unnecessary costs or delay" "and conserve judicial resources." Motion to consolidate No. 823254 (p. 4), filed Sept. 28, 2016 and motion to consolidate No. 868006 (p. 4), filed Sept. 28, 2016.

{¶19} Also on September 28, 2016, SMS filed a motion for reconsideration of the trial court's grant of summary judgment in favor of appellees in the 2014 Case based on the amendment of R.C. 1303.38 that became effective on September 28, 2016, after the filing of the 2016 Case, and that revised the definition of who qualifies as a person or entity entitled to enforce an instrument.

{¶20} On November 23, 2016, based on *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988), the trial court denied SMS's motion for reconsideration based on the statutory amendment, finding that a "'statute may only apply to cases which arise subsequent to its enactment'" unless there is a "'clear indication of retroactive application.'" *Id*. at ¶ 106.

**D.   2016 Case**

{¶21}   The 2016 Case complaint states that the original $700,000 Amended Note was now in the possession of SMS and that on December 16, 2015, SMS had the note endorsed by PNC Bank  ("PNC Endorsed Amended Note").   SMS filed the 2016 Case against Waxman Center, Chabad House, and Esther and Stanley Waxman Community Mikvah. The Waxmans were not named in the case.

{¶22}   The 2016 Case pleads five counts:

**Count**

1          Breach of contract on the $700,000 PNC Endorsed Amended Note by Waxman Center.

2          Unjust enrichment and constructive trust against Chabad House.

3          Imposition of an equitable lien against Chabad House for the full amount of the $1,600,000 2003 Note.

4          Equitable subrogation as a priority lienholder due to the unjust enrichment.

5          Foreclosure under the Chabad House/Waxman Mortgage.

{¶23} The PNC Endorsed Amended Note attached to the 2016 Case complaint contains a typewritten endorsement below Gary Waxman's[8] signature on behalf of Waxman Center:

> PAY TO THE ORDER OF SMS FINANCIAL XXVI, L.L.C., WITHOUT WARRANTY, REPRESENTATION OR RECOURSE OF ANY KIND:
>
> PNC BANK NATIONAL ASSOCIATION, successor by merger to National City Bank
>
> By:    [handwritten signature of Anne C. Romano]
> Name: [typewritten name of Anne C. Romano]
> Title: V[ice] P[resident]
> Date: December 30, 2015

---

[8]   Gary Waxman is not a named party in the cases.

**{¶24}** The next page of the PNC Endorsed Amended Note contains the December 14, 2007 Guarantor's Consent, also signed by Gary Waxman, that guaranties the performance of Waxman Center as the borrower under the note. The final page is entitled "Allonge" and states:

> PAY TO THE ORDER OF SMS FINANCIAL XXVI, [L.L.C.], WITHOUT WARRANTY, REPRESENTATION OR RECOURSE OF ANY KIND:
>
> This Allonge is attached to and made a part of that certain Amended and Restated Commercial Installment Note dated December 14, 2007, in the face principal amount of $700,000.00, executed by The Waxman Chabad Center and payable to the order of National City Bank.
>
> PNC BANK, NATIONAL ASSOCIATION, successor by merger to National City Bank
>
> By:  [handwritten signature of Anne C. Romano]
> Name: [typewritten name of Anne C. Romano]
> Title: V[ice] P[resident]

The allonge is not dated.

**{¶25}** On December 9, 2016, the trial court granted the consolidation request and transferred the case to the docket of the 2014 Case. On July 14, 2017, the trial court rendered summary judgment in the 2016 Case in favor of defendants on the ground of res judicata via claim preclusion, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995) and *Hapgood v. Warren*, 127 F.3d 490 (Fed.Cir.1997). The trial court set a final pretrial for the remaining fraud count in the 2014 Case. On July 24, 2017, the trial court granted the request by SMS to dismiss the fraud count in the 2014 Case with prejudice.

**E.     Appeals**

**{¶26}** On July 24, 2017, SMS filed separate notices of appeal in the 2014 Case and 2016 Case. As mentioned, the cases were consolidated for briefing, hearing, and disposition.

**{¶27}** We preface our analysis by noting that appellant has not filed a transcript in this appeal. Without the filing of a transcript, an appellate court presumes regularity in the proceedings and accepts the factual findings of the trial court as true. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶8. Our review is limited to the legal conclusions of the trial court. *Id.*

## II. Assignments of Error

**{¶28}** SMS offers ten assignments of error in the combined cases. The first nine assigned errors relate to the grant of summary judgment in the 2014 Case, and the tenth assigned error relates to the 2016 Case res judicata determination:

I.    The [t]rial [c]ourt erred in granting summary judgment in favor of Chabad House and Waxman Chabad and denying the SMS motion for reconsideration, by finding that the recent amendment to R.C. 1303.38 does not apply.

II.    The [t]rial [c]ourt erred in granting summary judgment in favor of Chabad House and Waxman Chabad and denying the SMS motion for reconsideration, by finding that SMS cannot enforce the $700,000 note because the allonge was not attached to the original note at the time of transfer.

III.    The [t]rial [c]ourt erred in granting summary judgment in favor of Melvin Waxman and Armond Waxman and denying [p]laintiffs [m]otion for [s]ummary [j]udgment, by finding the [c]ommercial [g]uarantees were not enforceable.

IV.    The [t]rial [c]ourt erred in granting summary judgment in favor of appellees and failing to find that they waived the affirmative defense set forth in R.C. 1303.31 and 1303.38.

V.    The [t]rial [c]ourt erred in granting summary judgment in favor of Appellees and by failing to find that the [Chabad House/Waxman] Mortgage was approved by ratification because Chabad House used, accepted and retained the funds from the [Chabad House/Waxman] Mortgage for construction of the Waxman Chabad Center.

VI.   The [t]rial [c]ourt erred in granting summary judgment in favor of Chabad House and failing to find that Chabad House failed to repudiate the [Chabad House/Waxman] Mortgage.

VII.   The trial court erred in granting summary judgment in favor of Chabad House and failing to find that an equitable lien should be established to prevent a fraud on the lender.

VIII.   The trial court erred in granting summary judgment in favor of Chabad House and failing to find that SMS is secured by the doctrine of equitable subrogation.

IX.   The trial court erred by denying SMS's motion to amend the complaint to add PNC Bank as a voluntary or involuntary plaintiff.

X.   The trial court erred in granting appellees' combined motion for summary judgment on the ground that the 2016 complaint is barred by the doctrine of res judicata.

## III.   Discussion

### A.   Res Judicata

{¶29} We address the tenth assigned error in this case because it is determinative of the appeal.   We reverse the trial court's finding of res judicata.

{¶30}   The trial court determined that the 2016 case is barred by the doctrine of res judicata via claim preclusion based on *Grava*, 73 Ohio St.3d 379, 653 N.E.2d 226, and the four-prong test established by that case.   The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."   *Id.*

{¶31}   Res judicata encompasses either claim preclusion, formerly known as estoppel by judgment, and issue preclusion, also known as collateral estoppel, or both depending on the case.   *Id.* at 381, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989); 46 American Jurisprudence 2d 780,

Judgments, Section 516 (1994).

{¶32} In considering a claim under the doctrine of res judicata, we ask whether:

> (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

(Citation omitted.) *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 27.

{¶33} "[T]he doctrine of res judicata requires a final order of the court to preclude relitigation of issues that have or could have been raised in a prior proceeding." *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 19. "A final order is also a prerequisite to appellate review." *Id. See also Grava*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226, at 381, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus.

{¶34} In the entry underlying this appeal, the trial court first granted the defendants-appellees' 2014 Case motions for summary judgment for appellees and next determined res judicata applied to the 2016 Case, finding that 2016 complaint "arises out of the same transaction or occurrence" as the "the 2014 complaint" and that the "2014 and 2016 complaints share a common nucleus of operative facts with respect to plaintiff attempting to enforce the loan against defendants. *Grava* at 382-83." Journal entry No. 99685307 (July 14, 2017), at p. 1.

{¶35} The trial court next determined that the August 28, 2015 and October 27, 2015 grants of summary judgment constitute "a prior, final decision on the merits of the claims at issue by a court of competent jurisdiction that granting serves as a prior, final decision on the merits of the claims at issue." Journal entry No. 99685307 (July 14, 2017), at p. 1, citing *Phung v. Waste*

*Mgt.*, 71 Ohio St.3d 408, 644 N.E.2d 286 (1994).

{¶36} The trial court then determined that the same parties were involved in both actions, citing *Grava* at 382. Finally, the court determined that the "claims asserted in the" 2016 Case "were litigated in the" 2014 Case "or could have been raised" in the 2014 Case because the "five claims made by plaintiff in the 2016 complaint are identical to the five claims" in the 2014 Case "that were disposed of via summary judgment." Journal entry No. 99685307 (July 14, 2017), at p. 1.

{¶37} The trial court granted the motion for summary judgment based on res judicata in the 2016 Case filed by "Waxman Chabad Center and Chabad House of Cleveland" and held that the motion for summary judgment filed by SMS in the 2016 Case was moot. The court closed by stating that "[t]he [July 17, 2017] pretrial remains set regarding the [fraud] claim that remains pending in [Cuyahoga C.P. No.] CV-14-823254 of this consolidated matter." Journal entry No. 99685307 (July 14, 2017), at p. 2.

{¶38} This court remanded the appeal of the 2014 Case to the trial court due to the lack of a final appealable order due to the pending fraud claim. The trial court's indication in the judgment entry that the final pretrial remains set to address the pending claim 2014 Case is inconsistent with the finding of res judicata. Res judicata does not apply to the 2016 Case due to the "absence of a final, appealable order addressing" the issue. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 32.

{¶39} It has been held that:

"The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time, but rather a rule of fundamental and substantial justice, or public policy and of private peace. The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as

fairness and justice require, and that *it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice*."

(Emphasis added and internal citations omitted.)  *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001).

## IV.  Conclusion

**{¶40}** We reverse the trial court's judgment and remand the case for further adjudication in accordance with our findings.   Our decision on this assigned error renders the remaining assigned errors moot.   App.R. 12(A).

**{¶41}** Judgment reversed and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR