DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Rohde,[1], [2] appeals the decision of the Medina County Court of Common Pleas, which ordered the confirmation of sale in an action to foreclose upon real property. This Court affirms.
 I. {¶ 2} The underlying mortgage foreclosure action was commenced on September 11, 2000, on which date appellee, FirstMerit Mortgage Corporation, filed a complaint in the Medina County Court of Common Pleas. The trial court ordered foreclosure of the subject real property by decree of foreclosure filed July 6, 2001.
 {¶ 3} The property was finally sold at sheriff's sale on April 22, 2005. On May 3, 2005, appellee filed a motion to confirm the sale. At appellant's request, a hearing was held on the motion to confirm the sale. The trial court confirmed the sale by order of confirmation and distribution filed on September 6, 2005. Appellant timely appealed the trial court's confirmation of the sale, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL [COURT] ERRED IN ORDERING THE CONFIRMATION OF THE JUDICIAL SALE OF APPELLANT'S REAL PROPERTY AND SAID SALE IS INCOMPLETE AND SHOULD BE SET ASIDE."
 {¶ 4} In his sole assignment of error, appellant contends that the trial court erred in ordering the confirmation of the judicial sale of his property and that the sale should be set aside because it is incomplete. This Court disagrees.
 {¶ 5} First, appellant argues that the trial court abused its discretion in ordering the confirmation of the judicial sale of his property because the sale has caused substantial hardship to him and his family. Appellant argues that the trial court should have denied appellee's motion for order of confirmation and distribution because he was making attempts to retain his home.
 {¶ 6} On appeal from the confirmation of a judicial sale, this Court is limited to determining whether the sale was conducted as required by R.C. 2329.01 through R.C. 2329.61. See R.C. 2329.31; Bank One Dayton, N.A. v. Ellington (1995),105 Ohio App.3d 13, 16. Appellant is limited to challenging the sheriff's sale, the confirmation order, or other events that occurred after the decree of foreclosure. See Bank One, NA v.Ray, 10th Dist. No. 04AP907, 2005-Ohio-3277, at ¶ 24. Issues regarding the validity of the mortgage lien and the foreclosure are not before this Court. "`Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.'" Ohio Sav. Bank v. Ambrose, 56 Ohio St.3d 53, 55, quoting Michigan Mtge. Corp. v. Oakley (1980),68 Ohio App.2d 83, at paragraph two of the syllabus. Therefore, this Court reviews for an abuse of discretion. An abuse of discretion is more than mere error; it must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} Appellant does not argue that the sale was not in compliance with the statute. Rather, appellant argues that the trial court abused its discretion in confirming the sale because the sale has caused substantial hardship to him and his family. Appellant also argues that he was attempting to remove a federal tax lien so that he could refinance the amount of the arrearages on the property. However, appellant has failed to cite any authority and this Court has found no support for his argument that a mortgagor must be given an extended period of time after a sheriff's sale to refinance his mortgage. Pursuant to R.C.2329.33, a mortgagor has an absolute right to redeem his property prior to confirmation of the sheriff's sale. However, that right expires upon the trial court's confirmation of the sale.
 {¶ 8} Secondly, appellant argues that the sale should be set aside as incomplete because the sheriff's deed was never delivered to the successful bidder. This Court disagrees. On October 5, 2005, appellant filed a notice of appeal with this Court. The filing of the notice of appeal with this Court divested the trial court of jurisdiction. Appellant also filed a motion for stay of execution pending his appeal with the trial court. The trial court granted appellant's motion for a stay in an order filed on October 6, 2005. This Court notes that Joe and Danielle Mittler, the winning bidders of the sale, also filed a motion to stay their obligation to deposit funds and/or for return of funds. However, the Mittlers did not file their motion for stay until October 12, 2005. Contrary to appellant's recollection of events, it was his actions, not any action taken by the Mittlers that prevented the completion of the sale.
 {¶ 9} Because appellant has failed to demonstrate any error in the confirmation of sale, his assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Moore, J. concur.
[1] This Court notes that in appellant's appellate brief his last name is spelled Rhode. However, this Court will use Rohde which is the spelling used in all filings in the trial court docket, including documents that bear appellant's signature.
[2] This Court also notes that there were other defendants named in the lower court action. However, Mr. Rohde is the only defendant that appealed the trial court's decision.