[Cite as *Huntington Natl. Bank v. Patino*, 2015-Ohio-4007.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

HUNTINGTON NATIONAL BANK

     Appellee

     v.

EFRAIN PATINO, AKA EFRAIN H.
PATINO, et al.

     Appellant

C.A. No.     14CA0127-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     10CIV1291

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

HENSAL, Presiding Judge.

{¶1}    Efrain Patino appeals an order of the Medina County Court of Common Pleas that confirmed a sheriff's sale and ordered the deed conveyed and the proceeds of the sale distributed. For the following reasons, this Court affirms.

I.

{¶2}    In July 2010, Huntington National Bank filed a complaint for foreclosure against Mr. Patino. In July 2013, the trial court entered a decree of foreclosure. Mr. Patino appealed, but this Court upheld the decree. After the property was sold at sheriff's sale, Huntington moved for an order confirming the sale and ordering the deed conveyed and the proceeds of the sale distributed. In November 2014, the trial court confirmed the sale and ordered the sheriff to convey the property to the purchaser and distribute the proceeds of the sale. Mr. Patino has timely appealed the confirmation order.

II.

ASSIGNMENT OF ERROR

THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING THE ORDER OF CONFIRMATION AND WRIT OF POSSESSION.

{¶3}    Mr. Patino argues that the trial court incorrectly confirmed the sheriff's sale. Unlike an appeal from the initial foreclosure decree, this Court's review of a confirmation of sale order "is limited to determining whether the sale was conducted as required by [Revised Code] 2329.01 through R.C. 2329.61." *First Merit Corp. v. Rohde*, 9th Dist. Medina No. 05CA0094-M, 2006-Ohio-4922, ¶ 6. "Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court." *Id.*, quoting *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990). An abuse of discretion implies that a trial court was unreasonable, arbitrary, or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This Court may not substitute its judgment for the judgment of the trial court. *Rohde* at ¶ 6.

{¶4}    Mr. Patino argues that the sale "was improper based upon improper notice, advertisement, and execution." He also argues that the entry confirming the sale was "vague, insufficient, and otherwise invalid." He, therefore, argues that the court abused its discretion when it confirmed the sale.

{¶5}    Initially, we note that Mr. Patino did not oppose Huntington's motion for confirmation of sale. Accordingly, he has forfeited all arguments regarding the confirmation except for a claim of plain error, which he has not asserted. *See Brunke v. Ohio State Home Servs., Inc.*, 9th Dist. Lorain No. 13CA010500, 2015-Ohio-2087, ¶ 47. In addition, we note that, although Mr. Patino has made general allegations about the inadequacies of the sale and court order, he has not specifically explained why they did not satisfy Chapter 2329's requirements.

We, therefore, conclude that Mr. Patino has not demonstrated that the trial court abused its discretion.  Mr. Patino's assignment of error is overruled.

III.

{¶6}    The trial court exercised appropriate discretion when it confirmed the sheriff's sale and ordered the deed conveyed and proceeds distributed.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellant.

JENNIFER MONTY RIEKER, Attorney at Law, for Appellee.