[Cite as *Bank of New York Mellon v. McMasters*, 2016-Ohio-1588.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-11, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2015-L-068** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| JOAN MCMASTERS, et al., | : | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CF 001607.

Judgment: Affirmed.

*Adam J. Turer*, Lerner Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*David N. Patterson*, 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Joan McMasters, appeals from the judgment of the Lake County Court of Common Pleas confirming sale, ordering deed, and distributing sale proceeds. For the reasons discussed below, the trial court's judgment is affirmed.

{¶2} On June 12, 2012, appellee, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-11, filed a complaint in foreclosure, premised upon appellant's default on a certain note and mortgage she executed in favor of appellee. Appellee filed a motion for summary judgment. Appellant did not respond. On December 2, 2013, the trial court entered an order of sale. Appellant did not file a notice of appeal from this order.

{¶3} A land appraisement was conducted and filed February 28, 2014. A Notice of Sheriff's Sale was filed March 7, 2014, notifying the parties the sheriff's sale was scheduled for April 7, 2014. On April 1, 2014, appellant filed a motion to set aside the entry of summary judgment pursuant to Civ.R. 60(B).

{¶4} After a hearing, the magistrate recommended appellant's Civ.R. 60(B) motion be denied. Appellant filed objections to the magistrate's decision. The trial court subsequently overruled appellant's objections and adopted the magistrate's decision. Appellant filed an appeal. Finding appellant's assigned error without merit, we stated:

> Appellant's Civ.R. 60(B) motion was filed pursuant to subsections (B)(3), (B)(4), and (B)(5). Nevertheless, the *Kuchta* analysis still applies. Because appellant had an opportunity to challenge, inter alia, appellee's standing during the pendency of the summary judgment phase, the provisions allowing equitable relief pursuant to Civ.R. 60(B)(4) and (B)(5) do not affect our decision. Appellant did not establish an injustice so great as to warrant a departure from the application of res judicata. *See* [*Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶15.] Instead, the record simply reveals that appellant failed to oppose appellee's motion for summary judgment because she 'gave up' and never took advantage of an opportunity to appeal the adverse judgment. Civ.R. 60(B) 'does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision.' *Id.*

2

> Here, even though appellant challenged appellee's standing in her answer, she did not respond to appellee's motion for summary judgment. Appellant did not pursue a direct appeal from the entry of summary judgment. Because appellant had a full opportunity to litigate an issue unrelated to the court's subject matter jurisdiction, she is barred from collaterally challenging appellee's standing in the underlying motion to set aside judgment. *See generally* [*Bank of Am., N.A. v. Gibson,* 11th Dist. Geauga No. 2014-G-3204, 2015-Ohio-209].

*Bank of N.Y Mellon v. McMasters*, 11th Dist. Lake No. 2014-L-112, 2015-Ohio-1769, ¶15-16.

{¶5} On May 15, 2015, the trial court entered a judgment entry confirming sale, ordering deed, and distributing sale proceeds. It is from this entry that appellant appeals, assigning the following assignment of error:

{¶6} "The trial court erred to the prejudice of the Appellant by entering Entry of Confirmation confirming the Sheriff Sale which was unreasonable, arbitrary, and capricious due to the failure to comply with the statutory and common law requirements."

{¶7} On appeal, appellant maintains that because the entry of confirmation was entered almost 15 months after the last appraisal of real estate, the sale was improper. We disagree.

> The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the

3

parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶40.

{¶8} A trial court has discretion to confirm or refuse to confirm a judicial sale. *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990).

{¶9} R.C. 2329.17, which sets the standard for appraisals in foreclosure proceedings, states in part:

> (A) When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders * * * and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.

{¶10} Initially, we note that appellant never objected below to the use of the appraisal for purposes of conducting the sale. In her appellate brief, appellant claims that an interior appraisal is warranted because "the interior condition of [the home] *may* significantly impact the value through an exterior examination." Yet, appellant has failed to advance any evidence or argument that the subject property, interior or otherwise, has changed since the initial appraisal. Further, appellant has failed to submit any evidence that the interior condition would have impacted the appraisal. *See Arch Bay Holdings, LLC v. Brown*, 2d Dist. Montgomery No. 25564, 2013-Ohio-5453, ¶9-14. ("[A]n appraiser's failure to examine the interior will constitute reversible error only where the interior condition so impacts the value established based on an exterior examination that the complaining party can demonstrate prejudicial effect."). *See also Citimortgage, Inc. v. Hoge*, 8th Dist. Cuyahoga No. 98597, 2013-Ohio-698, ¶9 ("'[N]aked assertions' of a failure to view the interior of the premises prior to appraisal

4

will not show that the appraisal itself is invalid.").  Appellant cannot rely on her unsubstantiated, ipse dixit declaration that an interior appraisal would have changed or otherwise affected the appraised value.

{¶11} Appellant's assignment of error is without merit.

{¶12} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.