[Cite as *Bank of New York Melon Trust Co. v. Zakrajsek*, 2017-Ohio-17.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104367**

# BANK OF NEW YORK MELLON TRUST COMPANY

PLAINTIFF-APPELLEE

vs.

# STANLEY F. ZAKRAJSEK, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED IN PART; DISMISSED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-845974

**BEFORE:**   Stewart, J., McCormack, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   January 5, 2017

**ATTORNEY FOR APPELLANT**

David N. Patterson
Patterson & Simonelli
33579 Euclid Avenue
Willoughby, OH 44094

**Also Listed**

Jane Doe, unknown spouse, if any, of Stanley F. Zakrajsek
25635 Glenbrook Blvd.
Euclid, OH 44117

Greentree Servicing, L.L.C.
The Bank of New York Mellon
c/o CT Corporation System, Agent
1300 East Ninth Street
Cleveland, OH 44114

Mortgage Electronic Registration Systems, Inc.
c/o CT Corporation System, Agent
1300 East Ninth Street
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

Stefanie Deka
Kimberly Y. Smith Rivera
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122

Ted A. Humbert
Law Offices of John D. Clunk, Co., L.P.A.
4500 Courthouse Boulevard, Suite 400
Stow, OH 44224

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant Stanley F. Zakrajsek appeals from orders that granted foreclosure of certain real property to plaintiff-appellee Bank of New York and confirmed the sheriff's sale of that real property.   The issues on appeal complain that the court erred by granting foreclosure and by confirming the sheriff's sale of the property.

**{¶2}** We first consider whether we have jurisdiction to rule on any assignments of error based on the judgment of foreclosure.

**{¶3}** The bank's complaint alleged that it was the holder of a promissory note signed by Zakrajsek, that he was in default of the note, and that the bank was owed $116,725.79 as a result of the default.   The complaint also alleged that the bank was the assignee of the mortgage on the property pledged as collateral for the note and that the default entitled it to foreclosure of the mortgage.   Finally, the bank alleged that Zakrajsek entered into an unrecorded loan modification with its servicing agent, and that the bank was entitled to enforce the loan modification as a valid and equitable lien against the property.

**{¶4}** The court granted a boilerplate summary judgment to the bank; as relevant here, it stated only that the bank was entitled to judgment as a matter of law on its complaint — it did not state an amount owed to the bank. In that same judgment entry, the court noted that a "supplemental" journal entry would follow. Zakrajsek, however, filed a notice of appeal — 8th Dist. Cuyahoga No. 103631 — before the court could issue the supplemental journal entry. The court issued the supplemental judgment entry of foreclosure (setting forth the amount of the judgment and lien priority) while the appeal was pending. At the same time Appeal No. 103631 was pending in this court, a sheriff's sale of the property was scheduled and apparently conducted (there was no return of sale filed by the sheriff).

**{¶5}** We dismissed Appeal No. 103631 for want of a final order because the boilerplate summary judgment failed to make a determination as to the priority of liens or the amount of judgment. Following that dismissal, the court reentered the supplemental judgment entry of foreclosure. Zakrajsek did not appeal from that order. Three months later, the court entered a "decree of confirmation" of the sheriff's sale. Zakrajsek appeals from the decree of confirmation.

**{¶6}** A foreclosure action consists of two judgments that can be appealed: the order of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39. "The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *Id*. "The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law." *Id*. at ¶ 39.

**{¶7}** When the court issued the first "supplemental" judgment entry in foreclosure, it lacked jurisdiction to do so because jurisdiction over the case rested with this court once the notice of appeal from the summary judgment in foreclosure had been filed in Appeal No. 103631. "[T]he filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal." *State ex rel. Elec. Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 16. The court, however, reentered the supplemental judgment entry on January 19, 2016, after we dismissed Appeal No. 103631. The reentry of judgment was valid and constituted a final, appealable order subject to direct appeal. *Wells Fargo Bank, N.A. v. McGowan*, 8th Dist. Cuyahoga No. 101779, 2015-Ohio-1544, ¶ 11. Zakrajsek did not appeal within 30 days from the reentered supplemental judgment granting foreclosure, s*ee* App.R. 4(A)(1), so we lack jurisdiction over assignments of error one, two, and three, relating to that judgment.

**{¶8}** The only assignment of error remaining for review is that the court erred by entering the order of confirmation and the writ of possession. Zakrajsek raises several arguments in this respect: (1) the order confirming the sheriff's sale was a form provided by the bank and that the entry was "vague, insufficient, and otherwise invalid;" (2) the appraisal was "stale, incorrect, and/or improper;" (3) the bank and the property appraiser "did not comply with statutory and regulatory guidelines for a prior, fair and, reasonable appraisal;" and (4) that Zakrajsek was not given a "proper and reasonable opportunity to object to the appraisal."

**{¶9}** Zakrajsek's brief does not conform to App.R. 16(A)(7). That rule requires the appellant's brief to present "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." For purposes of App.R. 16(A)(7), the word "argument" means more than just an assertion that an error occurred — it is an obligation to persuade an appellate court why an error exists. This means that the appellate brief must contain a reason or set of reasons to support the claimed error. An assertion of error that is not developed in a party's brief does not preserve a claim of appellate review.

{¶10} The portions of the brief we quoted above qualify as statements of error, but that is all that they are. Zakrajsek cites applicable law, but fails to connect that law to the facts of this case to show why any error occurred. For example, Zakrajsek asserts, without any additional discussion, that the order confirming the sheriff's sale was a form provided by the bank and that the entry was "vague, insufficient, and otherwise invalid." This is a conclusion, not an argument. He has not explained why the order was vague or insufficient, nor has he offered any explanation as to what prejudice he suffered from the order.

{¶11} As another example, Zakrajsek asserts that the appraisal was "stale, incorrect, and/or improper," but gives no basis for that assertion other than that the appraisal was made just over two years before the confirmation of sale. He cites to nothing in the record to show that the value of the house changed during that time period apart from his assumption that the value of the property changed over time.

{¶12} Finally, Zakrajsek asserts that he was not given a reasonable opportunity to object to the appraisal. This assertion is not supported by any reference to facts in the record. The second assignment of error is overruled.

{¶13} Judgment affirmed in part; appeal dismissed in part.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR