[Cite as *Onewest Bank v. Konnerth*, 2017-Ohio-2597.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ONEWEST BANK, N.A., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-082** |
| THE UNKNOWN HEIRS, DEVISEES, LEGATEES, EXECUTORS, ADMINISTRATORS, SPOUSES AND ASSIGNS AND THE UNKNOWN GUARDIANS OF MINOR AND/OR INCOMPETENT HEIRS OF SALLY J. KONNERTH, et al., | : : : : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CF 001056.

Judgment: Affirmed.


*Rick D. DeBlasis,* Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*David N. Patterson,* 33579 Euclid Avenue, Willoughby, OH 44094 (For Defendants-Appellants).


DIANE V. GRENDELL, J.

{¶1} Defendants-appellants, Barbara Haskett and the Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and Unknown Guardians of Minor and/or Incompetent Heirs of Sally J. Konnerth, appeal the denial of Haskett's Objection to Motion to Confirm Sale, Ordering Deed, and Distribution and

Request for Hearing in a foreclosure action filed in the Lake County Court of Common Pleas. The issue before this court is whether a trial court abuses its discretion by confirming the sale of real property where there were no identifiable errors of procedure and where the property sold in excess of the appraised value. For the following reasons, we affirm the judgment of the court below.

{¶2} On June 23, 2015, plaintiff-appellee, OneWest Bank, N.A., filed a Complaint in Foreclosure against, inter alios, Haskett and the Unknown Heirs of Konnerth with respect to property located at 1047 Quentin Road, Eastlake, Ohio.[1]

{¶3} On January 6, 2016, the trial court entered a Finding and Decree in Foreclosure (In Rem), ordering that "the equity of redemption of the defendant-titleholders in [subject] real estate * * * be foreclosed and the real estate sold, free of the interests of all parties herein, and an order of sale * * * issue to the Sheriff of this County, directing him to appraise, advertise and sell said real estate, according to law and the orders of this Court, and report his proceedings to this court."

{¶4} On January 25, 2016, OneWest Bank filed a Praecipe for Order of Sale which was duly issued by the clerk of courts.

{¶5} On April 1, 2016, the Land Appraisement of the property was filed, "estimat[ing] the real value in money of said premises to be * * * [$]87,000."

{¶6} On April 6, 2016, OneWest Bank filed a Notice of Sheriff's Sale, advising that the sale of the subject property was set for May 9, 2016.

{¶7} On May 17, 2016, the Sheriff's Return was filed, advising that the subject property was sold to OneWest Bank for the sum of $113,000. Attached thereto was an

---

1. Other defendants, not parties to this appeal, included the Lake County Treasurer and the Secretary of Housing and Urban Development.

Affidavit of Publication executed by a designated agent of the News-Herald, attesting that the notice of sale was published in print and electronically on April 1, 8, and 15, 2016.

**{¶8}** On June 15, 2016, OneWest Bank filed a Motion for Confirmation of Sale.

**{¶9}** On June 21, 2016, Haskett filed an Objection to Motion to Confirm Sale, Ordering Deed, and Distribution and Request for Hearing.

**{¶10}** On July 15, 2016, the trial court entered a Judgment Entry Confirming Sale, Ordering Deed and Distributing Sale Proceeds.

**{¶11}** On August 9, 2016, Haskett and the Unknown Heirs of Konnerth filed a Notice of Appeal.

**{¶12}** On appeal, the appellants raise the following assignment of error:

**{¶13}** "[1.] The trial court erred to the prejudice of the Appellants by entering Entry of Confirmation confirming the Sheriff Sale which was unreasonable, arbitrary, and capricious due to the failure to comply with the statutory and common law requirements."

**{¶14}** "Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale." R.C. 2329.31(A).

**{¶15}** "The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40.

**{¶16}** "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation." *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990).

**{¶17}** The appellants raise various claims to the effect that "Appellant Haskett and the other related and interested Appellants and/or defendants were prejudiced based upon the errors, deficiencies, and mistakes in the notice of, prosecution, and conditions precedence (sic) for the Sheriff Sale." Appellants' brief at 5.

**{¶18}** The appellants contend that OneWest Bank failed to comply with Lake County Local Rules 7.03 and 7.04 "regarding the procedure and manner of any request for confirmation" without expressly identifying any particular failure. Local Rules 7.03 and 7.04 require the purchaser to file a motion to confirm sale and to serve such motion on all interested parties pursuant to Civil Rule 5. The Rules further state that any liens or other encumbrances upon the property which are being discharged by virtue of the sale shall be specifically identified. No failure to comply with these procedures is evident on the face of the record.

**{¶19}** The appellants contend that the sale "was improper based upon improper notice, advertisement, and execution." Appellants' brief at 6.

**{¶20}** "Lands and tenements taken in execution shall not be sold until * * *, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney * * * [c]auses a written notice to be served in accordance with * * *

4

Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered." R.C. 2329.26(A)(1)(a)(i). However, "[s]ervice of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered." R.C. 2329.26(A)(1)(b); Civ.R. 5(A) ("[s]ervice is not required on parties in default for failure to appear").

**{¶21}** In addition, such lands and tenements shall not be sold unless "[t]he officer taking the lands and tenements gives public notice once a week for at least three consecutive weeks before the day of sale if the sale is to be held at a physical location * * *." R.C. 2329.26(A)(2)(a).

**{¶22}** In the present case, Haskett (as well as any and all unknown defendants) was in default for failure to appear. Haskett did not file her Answer to the Complaint until July 27, 2016, or twelve days after the Judgment Entry Confirming Sale, Ordering Deed and Distributing Sale Proceeds. We note that Haskett was aware that the property was "in the foreclosure process and * * * for auction [on] May 9, 2016," as evidenced by a letter written by her to the trial court on March 29, 2016. In response thereto, the court set the matter for a post-decree settlement conference. Although the court deferred confirmation of the sale while the matter remained in mediation, the parties were unable to reach a "mutually acceptable resolution."

**{¶23}** The appellants contend that "[t]he Judgment Entry confirming the sale was a form provided by [OneWest Bank][2], vague, insufficient, and otherwise invalid."

---

2. Local Rule 7.04(A) requires the purchaser to file with the court "a prepared judgment entry" with the motion to confirm sale.

5

Appellants' brief at 6. The appellants fail to corroborate these claims with argument supported by citations to authorities, statutes, or the record. App.R. 12(A)(2) and 16(A)(7); *Bank of New York Mellon Trust Co. v. Zakrajsek*, 8th Dist. Cuyahoga No. 104367, 2017-Ohio-17, ¶ 10 (assertion "that the order confirming the sheriff's sale was a form provided by the bank and that the entry was 'vague, insufficient, and otherwise invalid' * * * is a conclusion, not an argument"); *Huntington Natl. Bank v. Patino*, 9th Dist. Medina No. 14CA0127-M, 2015-Ohio-4007, ¶ 5 ("although Mr. Patino has made general allegations about the inadequacies of the sale and court order, he has not specifically explained why they did not satisfy Chapter 2329's requirements"). Accordingly, they will be disregarded.

{¶24} Finally, the appellants contend they "were not given the opportunity to challenge the propriety of the antiquated appraisal and no appraisal was made upon actual view because the appraiser or appraisers failed to enter the premises and view the interior of the property." Appellants' brief at 7-8.

{¶25} "When execution is levied upon lands and tenements, the sheriff shall call an inquest of three disinterested freeholders, who are residents of, and real property owners in, the county where the lands taken in execution are situated, who shall appraise the property so levied upon, upon actual view." R.C. 2329.17(A). "If the property to be appraised is residential property, the freeholders selected by the sheriff shall return to the sheriff an estimate of the value of the property in money within twenty-one calendar days of the issuance of the order of appraisal by the clerk of the court." R.C. 2329.17(B).

6

Although the statute provides that appraisers value the property "upon actual view," appraisals are often made without actually entering the premises. Courts have held that an appraiser's failure to enter the premises does not require a sheriffs sale to be set aside. * * * [A] defendant who claims that an appraiser failed to comply with the "upon actual view" requirement of R.C. 2329.17 must also establish they were prejudiced by the value that the appraiser placed on the property. Specifically, a defendant must adduce evidence that the appraisal was grossly inaccurate and that the home would have sold for more if the appraisal value had been higher.

(Citation omitted.) *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 22.

{¶26} In the present case, the Sheriff's Return attests that a Lake County Sheriff, in obedience to the command of the Order of Sale, "did, on the 29th of March, 2016, summon * * * three disinterested free-holders, residents of [Lake] County * * * to impartially appraise the land and tenements * * *; and, afterward, on the 30th day of March, 2016, said appraisers returned to me, under their hand, that they did upon actual view of the premises, estimate and appraise the real value in money of the same at $87,000.00 * * *."

{¶27} The appellants have failed to present any substantive argument with respect to the timeliness or amount of the appraisal and, equally significant, have failed to claim prejudice resulting therefrom. *Bank of New York Mellon v. McMasters*, 11th

7

Dist. Lake No. 2015-L-068, 2016-Ohio-1588, ¶ 10 ("[a]ppellant cannot rely on her unsubstantiated, ipse dixit declaration that an interior appraisal would have changed or otherwise affected the appraised value"). The subject property sold for $113,000, well in excess of the appraised value. Regardless of whether an interior view of the premises would have increased or decreased the appraised value, the trial court's confirmation of sale is hardly unreasonable or arbitrary in light of the actual sale price.

{¶28} The sole assignment of error is without merit.

{¶29} For the foregoing reasons, the trial court's Judgment Entry Confirming Sale, Ordering Deed and Distributing Sale Proceeds is affirmed. Costs to be taxed against appellants.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.