[Cite as *JP Morgan Chase Bank v. Ritchey*, 2018-Ohio-1887.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JP MORGAN CHASE BANK AS TRUSTEE, ON BEHALF OF FIRST FRANKLIN MORTGAGE LOAN TRUST 2004-FF10 ASSET-BACKED CERTIFICATES, SERIES 2004-FF10, | : : : | **O P I N I O N** |
| | : | **CASE NO. 2017-L-129** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| SAUNDRA M. RITCHEY, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 06 CF 001121.

Judgment: Affirmed.

*Charles V. Gasior* and *Laura C. Infante*, Clunk, Paisley, Hoose Co., LPA, 4500 Courthouse Boulevard, Suite 400, Stow, OH 44224 (For Plaintiff-Appellee).

*A. Clifford Thorton, Jr.*, PDC Building, 3659 Green Road, #305, Beachwood, OH 44122 (For Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1}   Defendants-appellants, Saundra and William Ritchey, appeal from the judgment of the Lake County Court of Common Pleas, confirming the sheriff's sale of their property and ordering distribution of the proceeds.  The issues before this court are whether the trial court erred by confirming a sheriff's sale when notice of the sale was mailed to the defendants and is published in a newspaper and where the appraisal was completed by three disinterested parties and the property sold in excess of said

appraisal. For the following reasons, we affirm the judgment of the court below.

{¶2} On May 15, 2006, appellee, JP Morgan, as Trustee on behalf of the First Franklin Mortgage Loan Trust, filed a Complaint in the Lake County Court of Common Pleas against the Ritcheys, seeking a money judgment, a Decree of Foreclosure, and an Order of Sale for the subject premises, located in Mentor, Ohio. The Complaint alleged that the Ritcheys were in default on a Note and owed $240,143.77.

{¶3} Following the filing of an Answer and motions, the court issued a Judgment Decree in Foreclosure and Corresponding Order of Sale on October 19, 2006, entering summary judgment in favor of JP Morgan and ordering foreclosure of the property.

{¶4} This court affirmed the Decree in Foreclosure on August 17, 2007, in *JP Morgan Chase Bank v. Ritchey*, 11th Dist. Lake No. 2006-L-247, 2007-Ohio-4225, since there was no genuine issue of material fact. *Id.* at ¶ 36.

{¶5} Following that appeal, the sale of the property was delayed by various issues, including multiple stays due to bankruptcy proceedings. On July 22, 2014, the Ritcheys filed a Motion to Set Aside Judgment, pursuant to Civ.R. 60(B), which the trial court denied. That decision was affirmed by this court in *JP Morgan Chase Bank v. Ritchey*, 11th Dist. Lake No. 2014-L-089, 2015-Ohio-1606.

{¶6} Following additional delays, on May 16, 2017, JP Morgan filed a Praecipe for Twelfth Pluries Order of Sale Without Reappraisal. It filed a Notice of Sheriff's Sale on June 22, 2017, giving notice that the sale would take place on July 17, 2017.

{¶7} A Sheriff's Return was filed on July 24, 2017, which stated that the sheriff advertised the sale in the News-Herald newspaper for three consecutive weeks prior to the sale. Attached was an affidavit of publication from an agent of the News-Herald,

2

stating that notice had been published on June 9, 16, and 23, 2017. The Return indicated that the sale was held on July 17, 2017, and that JP Morgan bid the sum of $226,556, purchasing the property.

{¶8} On August 23, 2017, JP Morgan filed a Motion to Confirm Sheriff's Sale.

{¶9} The court issued a Judgment Entry Confirming Sheriff's Sale and Ordering Distribution on September 14, 2017, approving the sale and setting forth the distribution of proceeds.

{¶10} The Ritcheys timely appeal and raise the following assignment of error:

{¶11} "The trial court erred to the prejudice of appellants by entering the Entry of Confirmation confirming the sheriff's sale which was unreasonable, arbitrary, and capricious due to the failure to comply with the statutory and common law requirements."

{¶12} "The decision whether to confirm or set aside a sheriff's sale is left to the sound discretion of the trial court." *Atlantic Mtge. & Inv. Corp. v. Sayers*, 11th Dist. Ashtabula No. 2000-A-0081, 2002 WL 331734, *2 (Mar. 1, 2002), citing *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990). An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8 Ed.Rev.2004).

{¶13} "If the court, after examining the proceedings taken by the officers, finds the sale was made in conformance with R.C. 2329.01 to 2329.61, inclusive, it shall confirm the sale." *Fifth Third Mtge. Co. v. Paskan*, 11th Dist. Lake No. 2009-L-117, 2010-Ohio-1450, ¶ 8, citing *The Union Bank Co. v. Brumbaugh*, 69 Ohio St.2d 202, 208, 431 N.E.2d 1020 (1982).

3

**{¶14}** First, the Ritcheys generally argue that there was a lack of compliance with Lake County Court of Common Pleas Local Rules 7.3 and 7.4, which appears to be a reference to Rules 7.03 and .04. These rules, which relate to sheriff's sales, contain provisions regarding payment, terms of sale, and confirmation. The Ritcheys contend that "Appellee's Motion for Entry of Confirmation failed to set forth the necessary compliance" with these rules "regarding bids, payment, and distribution." They do not, however, identify any particular failure by JP Morgan. We find that there is no failure to comply with these procedures evident on the face of the record.

**{¶15}** While there is a provision requiring a down payment by those who are not first lien holders (apart from liens for costs, taxes, and assessments), it is inapplicable since JP Morgan was the first lienholder. Local Rule 7.03(B). Further, Rule 7.03(C) and (D) relate to payment required *after* confirmation is approved by the court and, thus, is unrelated to the confirmation judgment from which the Ritcheys appeal.

**{¶16}** Regarding the argument that JP Morgan did not comply with the "procedure and manner of any request for confirmation," we find no prejudicial error. Rules 7.03(F)(1) and (2) and 7.04(A) and (B) require the purchaser to file a motion to confirm the sale and serve a copy of the motion on "interested parties." A Motion to Confirm was filed and contained a certificate of service to the Ritcheys. To the extent that the Motion does not have a "prepared judgment entry" attached, as is required by Rule 7.04(A), no prejudice is alleged and it is within the court's discretion to determine the enforcement of its own local rules. *Cart v. Fed. Natl. Mtge. Assoc.*, 11th Dist. Ashtabula No. 2011-A-0059, 2012-Ohio-2241, ¶ 49.

**{¶17}** Next, the Ritcheys argue that the trial court failed to comply with R.C. 2329.61's requirement to ensure the foreclosure sale conforms with statutory

4

procedures and that the entry of confirmation was "vague, insufficient, and otherwise invalid." They fail to corroborate these claims with any arguments supported by citations, statutes, or the record. App.R. 12(A)(2) and 16(A)(7); *Bank of New York Mellon Trust Co. v. Zakrajsek*, 8th Dist. Cuyahoga No. 104367, 2017-Ohio-17, ¶ 10 (the assertion "that the order confirming the sheriff's sale was a form provided by the bank and that the entry was 'vague, insufficient, and otherwise invalid' * * * is a conclusion, not an argument"). Accordingly, these arguments will be disregarded. *OneWest Bank, N.A. v. Unknown Heirs of Konnerth*, 11th Dist. Lake No. 2016-L-082, 2017-Ohio-2597, ¶ 23.

{¶18} The Ritcheys also argue that the sale was completed with "improper notice and advertisement." Pursuant to R.C. 2329.27(B)(1), a sale of lands "made without compliance with the written notice requirements of * * * R.C. 2329.26 * * * [and] the public notice requirements" of that section must be set aside. R.C. 2329.26 sets forth various requirements for a creditor to follow, including serving a written notice in accordance with Civ.R. 5 upon the debtor providing the time and place of the sale, and filing notice with the court. R.C. 2329.26(A)(1)(a)(i) and (ii). The statute also requires that the officer selling the property "gives public notice once a week for at least three consecutive weeks before the day of sale" through an advertisement in a newspaper within the county. R.C. 2329.26(A)(2)(a).

{¶19} The record demonstrates that a Notice of Sheriff's Sale was filed with the court, stating the date, time, and location of the sheriff's sale, with a certificate of service stating the document had been mailed to the Ritcheys' counsel. "Proof of service endorsed upon a copy of the written notice required by division (A)(1)(a) of section 2329.26 of the Revised Code shall be conclusive evidence of the service of the written

5

notice in compliance with the requirements of that division," unless a party files a motion to set aside the sale and establishes the proof of service is fraudulent, which did not occur here. R.C. 2329.27(B)(2).

{¶20} As to the issue of advertisement to the public, the record demonstrates, through an affidavit of a News-Herald employee, that the sale was advertised in the News-Herald on June 9, 16, and 23, 2017, with details of the date, time, and location of the sale included. In the absence of any argument as to how these acts failed to satisfy the notice requirements, we find no merit in this assertion.

{¶21} Finally, the Ritcheys raise arguments relating to the appraisal of the property, arguing that it was "stale, incorrect and/or improper."

{¶22} The Ritcheys concede they did not object to the appraisal in the lower court. It has been held that the failure to contest an appraisal prior to the sale of the property results in the application of a plain error standard of review. *Bank of America, N.A. v. Allen*, 8th Dist. Cuyahoga No. 105473, 2017-Ohio-7726, ¶ 15. "[I]n regard to civil cases, the plain error doctrine applies only in 'the extremely rare cases involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" (Emphasis omitted.) *Phillips v. Phillips,* 11th Dist. Ashtabula No. 2006-A-0037, 2007-Ohio-3368, ¶ 42, quoting *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶23} As to the Ritcheys' claims that they were prevented from objecting to the appraisal, they fail to support these assertions with argumentation or evidence. On May 16, 2017, JP Morgan filed a Praecipe for Twelfth Order of Sale, noting that there would

6

be no reappraisal, thus relying on an appraisal filed December 14, 2016. The Ritcheys fail to demonstrate why they could not have objected to the appraisal either when it was first filed or following the May 16, 2017 request for an order of sale.

{¶24} The Ritcheys also argue that the appraisal was "antiquated" and that "no appraisal was made upon actual view" because the appraisers did not enter the property.

{¶25} "When execution is levied upon lands and tenements, the sheriff shall call an inquest of three disinterested freeholders, who are residents of, and real property owners in, the county where the lands taken in execution are situated, who shall appraise the property so levied upon, upon actual view." R.C. 2329.17(A).

> Although the statute provides that appraisers value the property "upon actual view," appraisals are often made without actually entering the premises. Courts have held that an appraiser's failure to enter the premises does not require a sheriff['] s sale to be set aside. * * * [A] defendant who claims that an appraiser failed to comply with the "upon actual view" requirement of R.C. 2329.17 must also establish they were prejudiced by the value that the appraiser placed on the property. Specifically, a defendant must adduce evidence that the appraisal was grossly inaccurate and that the home would have sold for more if the appraisal value had been higher.

(Citation omitted.) *OneWest*, 2017-Ohio-2597, at ¶ 25, citing *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 22.

7

**{¶26}** The Land Appraisement filed on December 14, 2016, attests that the Lake County Sheriff summoned "three disinterested freeholders" and they appraised the property "upon actual view" at a value of $144,000. The July 23, 2017 Sheriff's Return from the sale states the same appraisal value. It is not evident whether the appraisers entered the property.

**{¶27}** The appellants have failed to present any substantive argument with respect to the amount or timeliness of the appraisal (completed eight months before the sheriff's sale) and, equally significant, have failed to claim prejudice resulting therefrom. *Bank of New York Mellon v. McMasters*, 11th Dist. Lake No. 2015-L-068, 2016-Ohio-1588, ¶ 10 ("[a]ppellant cannot rely on her unsubstantiated, ipse dixit declaration that an interior appraisal would have changed or otherwise affected the appraised value"). The property sold for $226,556, well in excess of the appraised value. Regardless of whether an interior view of the premises would have changed the appraised value, the trial court's confirmation of sale is hardly unreasonable in light of the actual sale price, nor did it constitute plain error. *OneWest* at ¶ 27.

**{¶28}** The sole assignment of error is without merit.

**{¶29}** For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellants.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

8